# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-0616V

| | |
|---|---|
| KENT A. STENSRUD,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 27, 2025 |

*Timothy James Lessman*, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.

*Katherine Edwards*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES**[1]

On April 19, 2024, Kent A. Stensrud filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, which in the alternative as caused-in-fact injury, after receiving a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on June 23, 2022. Petition at 1, ¶¶ 4, 13.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 13, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On May 27, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $72,380.30, representing $70,000.00 for pain and suffering, $1,025.96 for past unreimbursable

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

expenses, and $1,354.34 for past lost wages. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $72,380.30, representing $70,000.00 for pain and suffering, $1,025.96 for actual unreimbursable expenses, and $1,354.34 for actual lost wages, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                  **s/Brian H. Corcoran**
                                  Brian H. Corcoran
                                  Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KENT STENSRUD,<br><br>                            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                            Respondent. | No. 24-616V<br>Chief Special Master Brian H. Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 19, 2024, Kent Stensrud ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a tetanus, diphtheria, and acellular pertussis ("TDaP") vaccination received on June 23, 2022. Petition at 1. On January 13, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury; the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation the same day. ECF No. 21; ECF No. 22.

**I.**     **Items of Compensation**

        A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $70,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,025.96. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C. <u>Lost Wages</u>

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $1,354.34. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of **$72,380.30**, through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

/s/ Katherine Edwards
KATHERINE EDWARDS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 742-6374
Katherine.Edwards2@usdoj.gov

Dated: May 27, 2025

3